# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD O. DRISTER,<br><br>        Petitioner,<br><br>   v.<br><br>A. GILL, Warden,<br><br>        Respondent. | Case No. 1:15-cv-00296-AWI-SMS  HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION FOR HABEAS CORPUS FOR LACK OF JURISDICTION |

## SCREENING ORDER

On February 25, 2015, Petitioner Leonard O. Drister, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California, as a result of 2006 convictions in the Southern District of Ohio of conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371, and bank robbery by force or violence contrary to 18 U.S.C. §§ 2113(a) and (d); 2; 924(c)(1)(A)(iii); and 111.  Petitioner contends that the sentencing court improperly applied a sentence enhancement since Petitioner was actually innocent of the unrelated underlying offense on which the enhancement was based.

## DISCUSSION

Because Petitioner filed this petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply.  *Lindh v. Murphy*, 521 U.S.

1

320, 327 (1997). When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Although Petitioner prepared his petition using a different form and made minor modifications to the brief submitted in support of the petition, it is substantively the same §2241 petition as one filed in this Court on June 3, 2013. *See Drister v. Gill*, No. 1:13-cv-00841-LJO-SAB, Doc. 1. On August 14, 2013, the District Court adopted the findings and recommendations of the Magistrate Judge, who found that Petitioner had failed to demonstrate that § 2255 constituted an inadequate or ineffective remedy for raising his sentencing claim and that Petitioner had failed to show that he was actually innocent of the offense. Doc. 13. Both the District Court and the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.

The petition in this action does not allege that Petitioner has obtained an order from the Ninth Circuit authorizing the filing of a successive petition attacking the May 5, 2006 sentence. As a result, this Court lacks jurisdiction to consider the petition and must dismiss it. *See Greenawalt*, 105 F.3d at 1277.

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION AND RECOMMENDATION**

The undersigned RECOMMENDS that the Court dismiss this successive petition for writ of habeas corpus for lack of jurisdiction.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, either party may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 11, 2015**                              /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE